IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HESCO BASTION LIMITED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-266-GMS |
| | ) | |
| ACS HOLDINGS USA, LLC | ) | |
| | ) | **JURY TRIAL** |
| Defendant. | ) | **DEMANDED** |
| _____ | ) | |
| ACS HOLDINGS USA, LLC | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HESCO BASTION LIMITED | ) | |
| | ) | |
| Counterdefendant. | ) | |

**DEFENDANT ACS HOLDINGS USA, LLC'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFF HESCO BASTION LIMITED'S
COMPLAINT**

Defendant ACS Holdings USA, LLC ("ACS"), by and through its undersigned counsel, hereby answers Plaintiff Hesco Bastion Limited's ("Hesco") Complaint:

**PARTIES**

1.    ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies such allegations.

2.    ACS admits the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     The allegations contained in paragraph 3 are conclusions of law to which no response is required.  To the extent a response is required, ACS admits that Hesco alleges that this is an action for patent infringement arising from Title 35 of the United States Code, and trademark infringement under the Lanham Act and the common law, but denies that ACS has conducted any infringing activities.

4.     The allegations contained in paragraph 4 are conclusions of law to which no response is required.  To the extent a response is required, ACS admits that United States District Courts have exclusive subject matter jurisdiction over cases arising under Title 35 and Title 15.  To the extent that Hesco alleges that any of ACS's activities infringe Hesco's patents with respect to U.S. Government procurements within the United States that are covered under 28 U.S.C. §1498(a), ACS denies the allegations in paragraph 4.

5.     The allegations contained in paragraph 5 are conclusions of law to which no response is required.  To the extent that facts are alleged, ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies such allegations.

6.     ACS admits the allegation contained in paragraph 6 of the Complaint.

## FACTS

7.     ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies such allegations.

8.      ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies such allegations.

9.      ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies such allegations.

10.     ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies such allegations.

11.     ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies such allegations.

12.     ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies such allegations.

13.     ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies such allegations.

**Hesco's Intellectual Property Rights**

14.     The allegations contained in paragraph 14 are conclusions of law to which no response is required.  To the extent that facts are pleaded, ACS admits the that U.S. Patent No. 5,333,970 ("the '970 patent") was issued in the name of James W. Heselden on or about August 2, 1994, and lists on its face Hesco Bastion Limited, Leeds, England

as assignee. ACS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and on that basis denies such allegations.

15.     The allegations contained in paragraph 15 are conclusions of law to which no response is required. To the extent that facts are pleaded, ACS admits that U.S. Patent No. 5,472,297 ("the '297 patent") was issued in the name of James W. Heselden on December 5, 1995, and lists on its face Hesco Bastion Limited, Leeds, England as assignee. ACS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and on that basis denies such allegations.

16.     ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies such allegations.

17.     The allegations contained in paragraph 17 are conclusions of law to which no response is required. To the extent that facts are pleaded, ACS admits that Hesco Bastion Limited (United Kingdom Corporation) is listed on the face of Registration No. 3,219,415 for "MIL" (the "MIL Registration"). ACS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and on that basis denies such allegations.

**ACS**

18.     ACS admits that it has a mailing address at 720 E 60 N, Orem, Utah 84097, the location where its CEO, a service disabled veteran, conducts business.

19.     The allegations contained in paragraph 19 are conclusions of law to which no response is required.  To the extent that facts are pleaded, ACS admits that it makes, offers for sale, and sells the "Millibastion® Patented Defense Systems" in Colombia, S.A. and other South American countries listed in Exhibit 5 of the Complaint. ACS denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     ACS admits that the website from which the exhibit referenced in paragraph 20 of the Complaint was taken is the best evidence of its contents, whether accurate or not.

21.     ACS admits that the website from which the exhibit referenced in paragraph 21 of the Complaint was taken is the best evidence of its contents, whether accurate or not. ACS denies that activities conducted outside the U.S. or within the U.S. with the authorization and consent of the U.S. Government are properly before the Court.

22.     ACS admits the allegations contained in paragraph 22 of the Complaint.

23.     ACS denies the allegations contained in Paragraph 23 of the Complaint.

24.     The second allegation contained in paragraph 24 of the Complaint is a conclusion of law and requires no response.  ACS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and on that basis denies such allegations.

25.     ACS denies the allegations contained in Paragraph 25 of the Complaint.

26.     ACS denies the allegations contained in Paragraph 26 of the Complaint.

27.     ACS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint in that it is unclear what the universe of "any of Hesco's intellectual property" is meant to encompass, and on that basis denies such allegations.

## COUNT I
### (Patent Infringement)

28.     ACS incorporates by reference paragraphs 1-27 as if more fully set forth herein.

29.     ACS denies the allegations contained in Paragraph 29 of the Complaint.

30.     ACS denies the allegations contained in Paragraph 30 of the Complaint.

31.     ACS denies the allegations contained in Paragraph 31 of the Complaint.

32.     ACS denies the allegations contained in Paragraph 32 of the Complaint.

33.     ACS denies the allegations contained in Paragraph 33 of the Complaint.

## COUNT II
### (Patent Infringement)

34.     ACS incorporates by reference paragraphs 1-27 as if more fully set forth herein.

35.     ACS denies the allegations contained in Paragraph 35 of the Complaint.

36.     ACS denies the allegations contained in Paragraph 36 of the Complaint.

37.     ACS denies the allegations contained in Paragraph 37 of the Complaint.

38.     ACS denies the allegations contained in Paragraph 38 of the Complaint.

39.     ACS denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT III
### (Lanham Act § 32)

40.     ACS incorporates by reference paragraphs 1-27 as if more fully set forth herein.

41.     ACS denies the allegations contained in Paragraph 41 of the Complaint.

42.     ACS denies the allegations contained in Paragraph 42 of the Complaint.

43.     ACS denies the allegations contained in Paragraph 43 of the Complaint.

44.     ACS denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT IV
### (Lanham Act § 43(a))

45.    ACS incorporates by reference paragraphs 1-27 as if more fully set forth herein.

46.    ACS admits that it has sold and installed products in Colombia, S.A., which sales are beyond the jurisdiction of this Court under Titles 15 or 35 of the United States Code. ACS denies that its products are used, sold, or offered for sale in interstate commerce.

47.    ACS denies the allegations contained in Paragraph 47 of the Complaint.

48.    ACS denies the allegations contained in Paragraph 48 of the Complaint.

49.    ACS denies the allegations contained in Paragraph 49 of the Complaint.

## COUNT V
### (Common Law Trademark Infringement)

50.    ACS incorporates by reference paragraphs 1-27 as if more fully set forth herein.

51.    ACS denies the allegations contained in Paragraph 51 of the Complaint.

52.    ACS denies the allegations contained in Paragraph 52 of the Complaint.

53.    To the extent any factual allegations in paragraphs 1-52 of the Complaint have not otherwise been addressed above, such allegations are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

54.    Hesco has failed to state any claim upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of Patents)

55.    ACS does not infringe, nor has it ever infringed, any valid claim of the '970 or '297 patents.

### THIRD AFFIRMATIVE DEFENSE
#### (Invalidity of the '970 Patent)

56.     Each asserted claim of the '970 patent is invalid or void for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
#### (Invalidity of the '297 patent)

57.     Each asserted claim of the '297 patent is invalid or void for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE
#### (Unenforceability of the '970 Patent)

58.     Hesco's claims for relief are barred, in whole or in part, due to the unenforceability of the '970 patent claims.

### SIXTH AFFIRMATIVE DEFENSE
#### (Unenforceability of the '297 Patent)

59.     Hesco's claims for relief are barred, in whole or in part, due to the unenforceability of the '297 patent claims.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Trademark is Generic)

60.     Hesco's claimed mark "MIL" is generic and not eligible for trademark protection.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Trademark is Descriptive)

61.     Hesco's claimed mark "MIL" is weak and merely descriptive.

## NINTH AFFIRMATIVE DEFENSE
### (Trademark Not Used In Commerce)

62.    Hesco has no trademark rights in the claimed mark "MIL" because the term "MIL" has, upon information and belief, never been used by Hesco in commerce as a trademark and the term "MIL" has no trademark significance.

## TENTH AFFIRMATIVE DEFENSE
### (Trademark is Abandoned)

63.    Hesco's claimed mark "MIL" is abandoned and thus invalid.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Phantom Mark)

64.    Hesco's trademark registration number 3,219,415 is void *ab initio* because the registered mark is a phantom mark.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

65.    There is no likelihood of confusion between the parties' respective marks.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Priority Use of Trademark)

66.    ACS's use of the MILIBASTIONS trademark is prior to Hesco's first use of the claimed mark "MIL."

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Laches)

67.    Hesco's Complaint against ACS, and every purported count therein, is barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

68.    Hesco's Complaint against ACS, and every purported count therein, is barred, in whole or in part, by the doctrine of waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Acquiescence)

69.    Hesco's claims are barred by the doctrine of acquiescence.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Estoppel)

70.    Hesco's claims are barred by the doctrine of estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

71.    Hesco's claims are barred by the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (Trademark Misuse)

72.    Hesco's claims are barred by the doctrine of trademark misuse.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (No United States Activity)

73.    To the extent Hesco alleges that any activities by ACS associated with a U.S. Government procurement constitute the unauthorized use of a patented invention, and occurred or are occurring by or for the United States, and within the United States, such activities are subject to 28 U.S.C. § 1498(a), and as such, are subject to the exclusive jurisdiction of the United States Court of Federal Claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Anti-Competitive Activities)

74.    Upon information and belief, Hesco's sole basis for bringing this, and other concurrently filed lawsuits it has initiated against potential bidders on upcoming U.S. Government procurements, is to prevent competition without regard to the legitimacy of the claims raised and in furtherance of an unlawful purpose.

## COUNTERCLAIMS

ACS avers as follows for its counterclaims against Hesco:

75.    This Court has personal jurisdiction over Hesco on ACS's counterclaims as Hesco has submitted to this Court's jurisdiction by filing the instant action.

76.    This Court has subject matter jurisdiction over ACS's declaratory judgment counterclaims of non-infringement of the '970 and '297 patents under 28 U.S.C. §§ 1338(a), 2201(a).

77.    This Court has subject matter jurisdiction over ACS's counterclaim for cancellation of the MIL Registration under 28 U.S.C. §§ 1331, 1338(a) and 2201(a); and 15 U.S.C. §1121 relating to trademark, trade dress, unfair competition, and dilution claims arising under the Lanham Act, 15 U.S.C. § 1501, et seq.

78.    Venue is proper in this Court under 28 U.S.C. § 1391 because Hesco has admitted Venue in paragraph 6 of the Complaint.

### COUNTERCLAIM I
**(Declaratory Judgment of Non-Infringement and Invalidity of the '970 patent)**

79.    ACS incorporates by reference paragraphs 75-78 as if more fully set forth herein.

80.    ACS demands a declaration that the '970 patent is invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101, 102, 103 and/or 112.

81.    ACS further demands a declaration that ACS has not infringed the '970 patent under 35 U.S.C. § 271 and related laws and statutes.

### COUNTERCLAIM II
**(Declaratory Judgment of Non-Infringement and Invalidity of the '297 patent)**

82.    ACS incorporates by reference paragraphs 75-78 as if more fully set forth herein.

83.    ACS demands a declaration that the '297 patent is invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101, 102, 103 and/or 112.

84.    ACS further demands a declaration that ACS has not infringed the '297 patent under 35 U.S.C. § 271 and related laws and statutes.

**COUNTERCLAIM III**
**(Cancellation of the MIL Registration - Lanham Act §§ 14,  37; 15 U.S.C. §§ 1064, 1119)**

85.    ACS incorporates by reference paragraphs 75-78 as if more fully set forth herein.

86.    Upon information and belief, Hesco has never used the "MIL" term as a trademark or source indicator of its bastions or gabions sold and provided to the United States military, but instead has used "MIL" as a generic or descriptive term, as a serial model or unit number, and/or as a phantom mark.

87.    Any use by Hesco of the "MIL" term was and is insufficient to establish trademark use in commerce.  To the extent Hesco has ever used "MIL" in commerce as an indicator of source, it has abandoned any purported trademark rights.

88.    The term "mil" is generic or, in the alternative, merely descriptive as applied to goods and services provided to and used by the United States military and with respect to equipment and services used in United States military operations.

89.    The relevant consumer group recognizes and uses the term "MIL" as an abbreviation for "military."

90.    As a result of the generic or merely descriptive nature of the "MIL" term with respect to goods and services provided to the United States military, and the generic or merely descriptive, serial/model number and/or phantom mark use of "MIL" by Hesco as well as the trade and the consuming public, the "MIL" term has no trademark

significance and is therefore unregisterable on the Principal Register under Lanham Act § 2(e)(1), 15 U.S.C. § 1052(e)(1).

91.    ACS has been and is continuing to be damaged by the continued registration of the MIL Registration.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterplaintiff ACS respectfully prays for the following relief:

a)  That Hesco take nothing by its complaint;

b)  This Court deny any and all relief requested by Hesco in its Complaint, and the Complaint against ACS be dismissed with prejudice;

c)  This Court declare that ACS has not infringed the '970 and '297 patents and that the '970 and '297 patents are invalid;

d)  This Court declare this case an exceptional case under 35 U.S.C. § 285 and award ACS reasonable attorney's fees and costs

e)  This Court declare that ACS has not infringed Hesco's "MIL" trademark registration and that the "MIL" registration is generic and invalid;

f)  This Court, under 15 U.S.C. §§ 1064 and 1119, cancel United States Trademark Registration Number 3,219,415 of the term "MIL" in International Classes 6 and 19;

g)  This Court find that Hesco's purpose in bringing this action was vexatious, without justification, and for anti-competitive purposes and award such damages and penalties as the law may permit; and

h)  The Court award such other and further relief as the Court may deem proper.

## JURY DEMAND

Defendant and Counterplaintiff ACS hereby demands a trial by jury on all issues

so triable.

Dated: June 26, 2008                                    GREENBERG TRAURIG LLP

                                                        Michael J. Maimone (I.D. #3592)
                                                        *maimonem@gtlaw.com*
                                                        Titania Mack Parker (I.D. #4120)
                                                        *parkertm@gtlaw.com*
                                                        The Nemours Building
                                                        1007 North Orange Street, Suite 1200
                                                        Wilmington, DE  19801
                                                        302-661-7000

                                                        *Attorneys for Defendant,*
                                                        *ACS Holdings USA, LLC*

Of Counsel:

Mark L. Hogge (to be admitted *Pro Hac Vice*)
Steven J. Wadyka, Jr. (to be admitted *Pro Hac Vice*)
Shailendra Maheshwari (to be admitted *Pro Hac Vice*)
GREENBERG TRAURIG, LLP
2101 L Street, NW
Suite 1000
Washington, DC 200037
(202) 331-3100
(202) 331-3101 (f)