**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HESCO BASTION LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ACS HOLDINGS USA, LLC, ACS CONTRACTING SERVICES LTDA., and ARQUITECSA LTDA.,<br><br>Defendants. | ) | C.A. No. 08-266-GMS |

**ORDER GRANTING HESCO'S MOTION FOR SANCTIONS**

WHEREAS, plaintiff, Hesco Bastion Limited ("Hesco"), moved for an Order sanctioning defendants, ACS Holdings USA, LLC and ACS Contracting Services Ltda. (collectively, "ACS"), pursuant to, *inter alia*, Fed. R. Civ. P. 16(f) and 55 and Local Rule 1.3.

WHEREAS, this is an action for infringement of one4 or more claims of U.S. Patent Nos. 5,333,970 ("the '970 patent") and 5,472,297 ("the '297 patent") and trademark infringement, violation of Section 43(a) of the Lanham Act by ACS, and civil conspiracy. The complaint was filed on May 5, 2008, and the amended complaint was filed on June 9, 2009.

WHEREAS, ACS, represented in this case by attorneys from Greenberg Traurig LLP, filed answers denying Hesco's substantive allegations and asserting counterclaims against Hesco.

WHEREAS, on February 4, 2009, the Court entered a Scheduling Order requiring the parties to file the joint proposed final pretrial order and all briefing on any motions *in limine* by April 30, 2010, and setting the pretrial conference for May 26, 2010 and the jury trial to begin on June 24, 2010. (Dkt. No. 20).

WHEREAS, in compliance with the Court's Order and applicable rules, on March 31, 2010, Hesco provided ACS with required drafts of the Joint Proposed Pretrial Order, including drafts of the final pretrial order, voir dire questions, preliminary and final jury instructions, Hesco's trial exhibits, Hesco's witness list, the statement of qualifications of Hesco's expert, Hesco's deposition designations, and proposed stipulated facts and issues of fact and law.

WHEREAS, ACS failed to cooperate with Hesco in connection with required pretrial activities. ACS ignored Hesco's drafts of pretrial papers and did not provide Hesco with any timely response to those drafts by April 15, contrary to the Scheduling Order and the Local Rules. On April 16, Hesco's counsel contacted ACS' counsel to ask if ACS would be providing any comments or modifications to the pretrial drafts. Neither ACS nor its counsel responded to that inquiry.

WHEREAS, in order to comply with the Court's February 4, 2009 Scheduling Order, opening motions *in limine* would be filed and served on April 9, 2010, with responses due on April 19 and replies due April 29. On April 9, Hesco's counsel consulted with ACS' counsel at Greenberg to meet and confer on Hesco's five specific motions *in limine*; ACS would not agree to any of them. Hesco then timely filed their five motions in limine. (Dkt. Nos. 102-06). ACS, however, did not file any response to the motions and they are uncontested. (Dkt. No. 110).

WHEREAS, on April 16, 2010, Greenberg, ACS' counsel, filed a motion to withdraw as counsel. (Dkt. No. 107). In its motion, Greenberg represented to the Court that Greenberg had not been paid by ACS in more than a year, and that ACS is "destitute", such that it will be unable to pay Greenberg for any further legal work. Hesco filed a response to Greenberg's motion to withdraw, indicating that it would file a motion for sanctions against ACS. (Dkt. No. 111).

WHEREAS, on April 29, 2010, the Court held a telephone conference with counsel regarding Greenberg's motion to withdraw. No substitute counsel has appeared for ACS. During the conference, counsel for ACS, Mark Hogge, represented ACS lacked funds to pay Greenberg, ACS had no cash flow, and that ACS shut down its business in Bogotá, Colombia. Counsel for ACS further stated that there was no reason to believe that ACS had the ability to obtain substitute counsel to act in this case.

WHEREAS, on April 29, 2010, the Court granted the motion to withdraw as counsel. In addition, the Court ordered Hesco to file a motion for a default judgment, and the dates for the pretrial conference and jury trial shall be removed from the Court's calendar. The Court stayed this matter until further notice.

NOW, THEREFORE, the Court, having considered Hesco's motion for sanctions, any response thereto, and for good cause shown, it is hereby

ORDERED, that Hesco's motion for sanctions is granted; and it is further hereby

ORDERED, that a default judgment pursuant to Fed. R. Civ. P. 55(b) is hereby entered against ACS in favor of Hesco on all claims and counterclaims in this case; and it is further hereby

ORDERED, that judgment pursuant to Fed. R. Civ. P. 16(f) and Local Rule 1.3 is hereby entered against ACS in favor of Hesco on all claims and counterclaims in this case; and it is further hereby

ORDERED, that ACS' answer to the amended complaint and counterclaims are hereby stricken; and it is further hereby

ORDERED, that Hesco's uncontested motions *in limine* are granted; and it is further hereby

ORDERED, that ACS and its respective employees, agents, officers, directors, attorneys, licensees, successors, and assigns, and all other persons acting on behalf of or in concert and participation with any of them, are hereby restrained and permanently enjoined from making, using, offering to sell, or selling, within the United States or importing into the United States, any accused products, or of any other product used in a method, that meets the limitations of any of the claims of the '970 and '297 patents and from infringing, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '970 and '297 patents; and it is further hereby

ORDERED, that the Court hereby awards the trademark registrant Hesco willful infringement statutory damages of $2,000,000, pursuant to 15 U.S.C. § 1117(c) and the Prioritizing Resources and Organization for Intellectual Property Act of 2008 § 104, Public Law 110–403, 122 Stat. 4256 (Oct. 13, 2008); and it is further hereby

ORDERED, that ACS and its respective employees, agents, officers, directors, attorneys, licensees, successors, and assigns, and all other persons acting on behalf of or in concert and participation with any of them, are hereby restrained and permanently enjoined from infringing any trademark owned by Hesco, including without limitation, the federally registered "Mil" mark (Reg. No. 3,219,415) and any common law trademark, either directly or contributorily, in any manner, including any and all use of "Milibastions" in connection with any bastion or gabion product, method or service; and it is further hereby

ORDERED, that ACS shall pay Hesco's attorneys' fees for patent infringement (35 U.S.C. § 285) and trademark infringement (15 U.S.C. § 1117(a)); and it is further hereby

ORDERED, that ACS shall pay monetary sanctions to Hesco resulting from its conduct and omissions, including without limitation, its failure to cooperate with Hesco in the preparation of pretrial documents, preparation for the pretrial conference, and failure to disclose to the Court

or Hesco that ACS would engage in such conduct and/or its counsel would be moving to withdraw; and it is further hereby

ORDERED, that ACS shall pay Hesco's costs pursuant to Fed. R. Civ. P. 54(d); and it is further hereby

ORDERED, that within ten days of the date of this Order, Hesco shall file a detailed affidavit showing the amount of its attorneys' fees, expenses, and costs incurred in connection with the relief awarded herein; and it is further hereby

ORDERED, that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Order.

Dated this ___ day of _________, 2010.

_______________________________
Chief Judge